IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Division |
| vs. | Criminal Nos.: 14-205 |
| PRICE MONTGOMERY,<br>Defendant. | Judge Mark R. Hornak |

**MOTION FOR EXPANDED ACCESS TO LAPTOP OR TRANSFER TO NEOCC**

AND NOW, comes, Defendant, Price Montgomery, by and through, counsel and co-counsel of record, Jay T. McCamic, Esq., and Douglas Sughrue, Esq., respectfully filing this motion for expanded access to laptop in the ACJ or transfer to the NEOCC and in support thereof the following is a statement:

1. Defendant, Price Montgomery, has been incarcerated in the Allegheny County Jail since February of 2021 (maybe early March 2021). Prior thereto, Mr. Montgomery was incarcerated at the NEOCC beginning March of 2015.

2. Rule 16 materials, discovery, and other legal research in possession of Mr. Montgomery while at the NEOCC and now at the ACJ is voluminous, in electronic form, on a multi-terabyte hard drive and storage media (CDs/DVDs) and contain documents in .PDF format as well as audio and video files.

3. On March 4, 2021, Mr. Montgomery requested and was granted access to the FPD or other service provider laptop while in the ACJ to review his discovery and work on his appeals, see ECF Docs. 807 & 808. On November 1, 2018, see ECF Doc. 543, this Court granted Mr. Montgomery extended access to equipment to review his discovery. Said order mentioned the NEOCC, but also detailed "at any place of custody of Defendant, Price Montgomery."

4. In the last few months, the ACJ has reduced Mr. Montgomery's access to his laptop. The ACJ developed a policy that inmates get access to their laptops from 7:30am to 2:30pm daily when requested. The policy also changed where the laptops were stored. Instead of being stored and charging alongside the inmate tablets on the pod for easy, quick access by the pod officer when the inmate requests his laptop, the laptops are now stored on a different floor requiring an available CO of the understaffed ACJ to make a special trip to the room to get Mr. Montgomery's laptop.

5. Mr. Montgomery requests daily access to his laptop. The ACJ does not deliver the laptop to Mr. Montgomery at or near the scheduled time, if at all. The ACJ does not consistently charge the battery while storing the laptop overnight. By delivering a laptop to Mr. Montgomery well past 7:30am with a dead battery, the ACJ is further limiting his use of the laptop since the device has to charge in the open section of the Pod since there are no electrical outlets inside one's cell. Mr. Montgomery is unable to privately view his discovery and prepare his appeals in the open area of the Pod.

6. Counsel has sent numerous emails to the ACJ, specifically, Major Jack Vanchieri, to resolve this matter. To some degree, Major Vanchieri has been helpful. By email dated April 19, 2022, Major Vanchieri took responsibility to store, charge, and deliver Mr. Montgomery his laptop in the early morning hours. Mr. Montgomery notes this happened once—on April 20, 2022. Delivery remains inconsistent and unpredictable. By email dated May 5, 2022, Major Vanchieri stated Mr. Montgomery has been getting his laptop, but that his pod was locked down over the weekend for a shakedown. Delivery and removal times were not noted by Major Vanchieri.

7. Mr. Montgomery has been keeping track of dates and times his laptop has been being delivered and taken from him and whether the device was charged. Mr Montgomery also

notes that one particular CO seems determined to deny Mr. Montgomery use of and access to his laptop. Mr. Montgomery can present this and other information to the Court at the hearing on May 19, 2022 if the Court is so inclined.

8. After Mr. Montgomery is sentenced, he will most likely be taken quickly from the ACJ and transferred to the NEOCC before going into the BOP.

WHEREFORE, Defendant, Price Montgomery, requests that this Honorable Court grant this motion for expanded access to his laptop in the ACJ and issue and order directing the Warden of the Allegheny County Jail to store the laptop on Mr. Montgomery's pod beside the inmate tablets, plugged in and charging as they did for most of 2021. Mr. Montgomery also requests to access and use the laptop from 7:30am to 8:00pm to make up for lost time. Mr. Montgomery further requests a hearing be scheduled on this matter for May 19, 2022 so that Mr. Montgomery may be heard.

Alternatively, Mr. Montgomery requests that an order be entered directing the USMS to transfer Mr. Montgomery to the NEOCC where Counsel can provide Mr. Montgomery his discovery for review and where access to a computer is more widely available.

Respectfully submitted,

 /s/ Jay T. McCamic                                  /s/ Douglas Sughrue
Jay T. McCamic, Esquire                     Douglas Sughrue, Esquire
Counsel for Mr. Montgomery            Additional Counsel for Mr. Montgomery